IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| v. | ) ) ) |
| EAGLE NATIONAL BANK, | ) **COMPLAINT** ) **JURY TRIAL DEMAND** |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and race, and to provide appropriate relief to Kia N. Williams who was adversely affected by such practices. Specifically, and as alleged with greater particularity in paragraphs 7-13 below, Defendant Employer Eagle National Bank discriminated against Ms. Williams based on her sex (female) and race (black) in violation of Title VII, when it subjected her to sexual and racial harassment. Moreover, Defendant failed to promote her to the position of Director of Operations because of her race (black). Defendant's harassment of Ms. Williams, and its failure to promote her despite her qualifications, caused her to suffer damages and resulted in her constructive discharge, in violation of Title VII of the Civil Rights Act of 1964, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer Eagle National Bank, a national commercial bank, has continuously been a corporation doing business in the State of Pennsylvania, in the County of Delaware, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer Eagle National Bank has continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kia N. Williams, the Charging Party, filed an individual charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer Eagle National Bank. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November, 1997, Defendant Eagle National Bank engaged in unlawful employment practices at its Upper Darby, Pennsylvania facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Kia N. Williams to unlawful sexual

and racial harassment, as set forth below:

    a.    Kia N. Williams was hired by Defendant Employer Eagle National Bank on November 3, 1997, as a Lead Underwriter.

    b.    On March 9, 1998, Ms. Williams was promoted to the Operations Manager position. In that position, she reported to Defendant's three Directors of Sales and Operations, Daniel K. Maier, Matthew Prantzer, and Joseph Cudwadie.

    c.    Ms. Williams had a distinguished job performance record while employed by Defendant Eagle National Bank.

    d.    Beginning upon her hire and continuing until her constructive discharge, Ms. William was subjected to sexual harassment which created a sexually hostile work environment.

    e.    Defendant's Director of Sales and Operations, Daniel K. Maier, subjected Ms.Williams to sexually offensive comments including: (1) openly addressing Ms. Williams as "what's up Ho" or "Hey, Ho" on numerous occasions, sometimes several times in a day[1]; (2) regularly making suggestive comments about Ms. Williams' small breast size or her buttocks, such as telling her that her "stomach sticks out more than her breasts", "you need a sign that says 'wide load coming through"; "if Kia took her clothes off, her breasts will look like two little chocolate chip cookies"; and, regularly asking Ms. Williams questions about her sex life, such as " Did you sleep with him?", and "Did he throw your legs behind your head and twist you like a pretzel?"

    f.    In addition, Maier also regularly engaged in other sexually offensive conduct, such as asking Ms. Williams whether she wanted a "pearl necklace", referring to placing male

---

[1] The term "ho" is a slang term for the word "whore."

ejaculate around her neck; tossing a pen/pencil at Ms. Williams' feet and then attempting to look under her dress; and, regularly placing his hands on Ms. Williams's shoulders and running his fingers through her hair.

    g. Furthermore, Maier subjected Ms. Williams to racial harassment, when he regularly made racially offensive remarks to her, such as referring to black children as "monkeys"; referring to her and black female customers as "Sha Nay Nay" or "Shaniqua"; referring to areas in Philadelphia with a concentration of Blacks as "the jungle"; referring to stereotypical scenes concerning Blacks as they were portrayed in TV shows with black characters, as if they applied or held true to all Black individuals; and, openly discussing scenes from pornographic movies depicting Blacks involved in group sex.

  8. Beginning in 1998, Ms. Williams began to make complaints about Mr. Maier's sexually and racially offensive language to her immediate supervisor, Matthew Pratzner, one of Defendant's three Director of Sales and Operations[2]. Although, Mr. Prantzer acknowledged being aware of the offensive conduct, he failed to take any corrective action against Mr. Maier or to report such conduct to other Defendant officials.

  9. In November, 2000, Ms. Williams made her last complaint about Mr. Maier's offensive and unlawful conduct, when she complained to Defendant's Controller, Thomas Kenvin. However, he also failed to take any corrective action, advising Ms. Williams to first confront Maier.

  10. Mr. Maier's sexually and racially offensive conduct was regular and/or pervasive, and created a sexually and racially hostile work environment, which detrimentally affected Ms. Williams.

---

[2] Mr. Pratzner's position title was later changed to that of Director of Operations.

Because Defendant failed to stop the harassment, Ms. Williams was forced to resign on November 15, 2000.

      11.     In addition to the above, in or about November, 2000, Defendant Eagle National Bank further engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by failing to promote Ms. Williams to the position of Director of Operations based on her race (Black), despite her expressed interest to be considered for the position and her strong qualifications as follows:

      a.     On November 10, 2000, Matthew Pratzner (White), Ms. Williams' immediate supervisor, vacated the Director of Operations position.

      b.     Upon learning of Mr. Prantzer's resignation from his position as a Director of Operations, Ms. Williams expressed an interest in the director position to Daniel Maier, one of the recommending officials.

      c.     As an Operations Manager, and while reporting to Mr. Prantzer, Ms. Williams performed a substantial amount of the duties assigned to the Director of Operations position.

      d.     Without notice to Ms. Williams, and without posting a job announcement for the vacancy, which was inconsistent with Defendant's practice, Defendant denied Ms. Williams any consideration for the position and instead, hired an external White candidate, Denise Zaporowski.

      e.     Ms. Williams' credentials in the mortgage industry are similar, if not equal to, those held by Ms. Zaporowski. They both have comparable processing, underwriting, and operations management experience.

      f.     After Defendant failed to consider or promote Ms. Williams to the Director

of Operations position, it required and expected her to train Ms. Zaporowski, the selectee, for the position upon her hire.

g.    Since its incorporation, Defendant has not had a Black individual employed in a position in upper management.

h.    Defendant failed to promote Ms. Williams' to the Director of Operations position because of her race (Black).

12.    While employed with Defendant, Ms. Williams was subjected to egregious sexual and racial harassment over the course of a three year period, despite her requests for remedial action; she was callously overlooked for the promotion to the Director of Operations position, despite having had successfully performed a substantial amount of the duties of that very job for more than two years; and, she was directed by Defendant to train the external white applicant who was hired over her for the promotion she should have been given.  As a result, Ms. Williams reasonably perceived her work environment as intolerable, and felt compelled to resign from her employment.  She was constructively discharged on November 15, 2000.

13.    Defendant, through the Director of Operations and its Controller, had actual and/or constructive knowledge of the unlawful employment practices and misconduct described above.

14.    The effect of the practices complained of in paragraphs 7-13 above has been to deprive Ms. Williams of equal employment opportunities and otherwise adversely affect her status as an employee on the basis of her sex (female) and race (Black).

15.    The unlawful employment practices complained of above were intentional.

16.    The unlawful employment practices complained of above were and are done

with malice and/or reckless indifference to the federally protected rights of Ms. Williams.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discriminatory practices based on sex and/or race and causing employees to be constructively discharged.

B. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in other employment practices which discriminates against employees on the basis of sex and/or race.

C. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for employees on the basis of sex and/or race, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendants to make whole Ms. Williams by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement, or in lieu thereof, front pay.

E. Order Defendants to make whole Ms. Williams by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-13 above, in amounts to be determined at trial.

G. Order Defendants to make whole Ms. Williams by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including embarrassment, humiliation, stress, emotional pain, suffering, inconvenience, and loss of

enjoyment of life.

      H.    Order Defendants to pay Ms. Williams punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

      I.    Grant such further relief as the Court deems necessary and proper in the public interest.

      J.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Washington, DC  20507

_____
JACQUELINE H. McNAIR
Regional Attorney

_____
JUDITH O'BOYLE
Supervisory Trial Attorney

_____
IRIS SANTIAGO-FLORES
Trial Attorney
PA. No. 60171

Equal Employment Opportunity
 Commission
Philadelphia District Office
21 South Fifth Street, Suite 400
Philadelphia, PA 19106
(215) 440-2684
(215) 440-2828