IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIA WILLIAMS<br>    -and-<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>        Plaintiffs<br><br>    v.<br><br>EAGLE NATIONAL BANK,<br>        Defendant | CIVIL ACTION NO. 02-CV-3862 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT BY PLAINTIFF KIA WILLIAMS**

**NOW COMES**, Defendant EAGLE NATIONAL BANK, ("Eagle"), by its attorney, Colleen Marsini, Esquire, and respectfully submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Kia Williams ("Williams").

1.   Paragraph 1 of Plaintiff's Complaint contains allegations that constitute legal conclusions and such allegations are denied on that basis.

2.   Paragraph 2 of Plaintiff's Complaint contains allegations that constitute legal conclusions and such allegations are denied on that basis.

3.   Paragraph 3 of Plaintiff's Complaint contains allegations that constitute legal conclusions and such allegations are denied on that basis.

4.   Denied.  Eagle is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies this allegation.

5.   Paragraph 5 of Plaintiff's Complaint contains allegations that constitute legal conclusions and such allegations are denied on that basis.

6. Eagle National Bank is not a corporation; it is a national association.

7. Denied. Paragraph 7 of Plaintiff's Complaint contains allegations that constitute legal conclusions and such allegations are denied on that basis.

8. Paragraph 8 of Plaintiff's Complaint contains allegations that constitute legal conclusions and such allegations are denied on that basis.

9. Eagle denies the allegations contained in paragraph 9 of the Plaintiff's Complaint specifically.

    (a) Eagle admits that Kia Williams was hired by Eagle on November 3, 1997 as an underwriter for the mortgage department. It is specifically denied that she was hired as a "Lead Underwriter".

    (b) It is specifically denied that Ms. Williams received a promotion to "Operations Manager". On March 9, 1998, Ms. Williams received a pay increase based upon commissions and sales. Ms. Williams continued as Mortgage Underwriter and was supervised by Mr. Matt Pratzner, the Director of Sales and Operations for the Mortgage Department.

    (c) It is specifically denied that Ms. Williams had a distinguished job performance record while she was employed at Eagle.

    (d) Eagle denies the allegation contained in Paragraph 7(d) of Plaintiff's Complaint.

    (e) Eagle denies the allegation contained in Paragraph 7(e) of Plaintiff's Complaint.

    (f) Eagle denies the allegation contained in Paragraph 7(f) of Plaintiff's Complaint.

    (g) Eagle denies the allegation contained in Paragraph 7(g) of Plaintiff's

Complaint.

10. Eagle denies the allegation contained in Paragraph 10 of Plaintiff's Complaint.

11. Eagle denies the allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Eagle denies the allegation contained in Paragraph 10 of Plaintiff's Complaint. It is admitted that Ms. Williams resigned her position with Eagle on November 15, 2000.

13. Eagle denies the allegation contained in Paragraph 13 of Plaintiff's Complaint.

    (a) Eagle denies the allegations contained in Paragraph 13(a) of Plaintiff's Complaint.

    (b) Eagle denies the allegations contained in Paragraph 13(b) of Plaintiff's Complaint.

    (c) Eagle denies the allegations contained in Paragraph 13(c) of Plaintiff's Complaint.

    (d) Eagle denies the allegations contained in Paragraph 13(d) of Plaintiff's Complaint.

    (e) Eagle denies the allegations contained in Paragraph 13(e) of Plaintiff's Complaint.

    (f) Eagle denies the allegations contained in Paragraph 13(f) of Plaintiff's Complaint.

    (g) Eagle denies the allegations contained in Paragraph 13(g) of Plaintiff's Complaint.

    (h) Eagle denies the allegations contained in Paragraph 13(h) of Plaintiff's Complaint.

14. Eagle denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Eagle denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Eagle denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

**WHEREFORE**, Defendant Eagle National Bank respectfully requests judgment in its favor against Plaintiff, alternatively that Plaintiff's Complaint be dismissed with prejudice, that Eagle be awarded its costs and reasonable attorney's fees and that Eagle be granted any other and further relief that the Court deems appropriate.

### AFFIRMATIVE DEFENSES

**NOW COMES**, Defendant Eagle National Bank ("Eagle") by its attorney, Colleen Marsini, Esquire, and states for its Affirmative Defenses to Plaintiff's Complaint as follows:

1. As its first Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for discrimination based upon sexual harassment or a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000, *et seq*.

2. As its second Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's Complaint fails to state any claim upon which relief can be granted.

3. As its third Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for punitive damages.

4. As its fourth Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff is not entitled to recover any punitive or

exemplary damages as prayed for in the Complaint on the ground that any award of punitive damages or exemplary damages in general and/or any such award as applied to the facts of this specific action would violate Eagle's constitutional rights under the provisions of the United States Constitution including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

     5.     As its fifth Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's claim for damages for any period of time more than one year prior to the date Plaintiff brought this action as barred by the appropriate statute of limitations.

     6.     As its sixth Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's Complaint and each and every cause of action therein relating to the claims of which Plaintiff knew or should have known prior to one year before the date Plaintiff brought this action are barred by the applicable statute of limitations.

     7.     As its seventh Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's claims are barred to the extent she has not exhausted the appropriate administrative remedies.

     8.     As its eighth Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff did not mitigate her damages and failed to seek other comparable employment opportunities to those which she alleges she was deprived in a timely manner or with diligence following the alleged constructive discharge and her damages, if any are awarded, should be reduced to the extent she failed to mitigate them and/or to the extent she was precluded from working or seeking employment opportunities for any reason.

9. As its ninth Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's claim are barred to the extent that discovery shows that she engaged in any misconduct prior to, during or concurrent with her employment that would have resulted in her discharge if such conduct were known to Eagle.

10. As its tenth Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's claims are barred to the extent she failed to satisfy the jurisdictional and/or stationery prerequisites of Title VII of the Civil Rights Act of 1964.

11. As its eleventh Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's claims are barred to the extent that Eagle had an anti-harassment policy, with a complaint procedure that was known to the Plaintiff, and Eagle used reasonable care to prevent and promptly correct alleged harassment.

12. As its twelfth Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Eagle to avoid harm.

13. As its thirteenth Affirmative Defense and without prejudice to its denials and other statements of its pleadings, Eagle alleges that Plaintiff's claims are barred because the alleged harassment did not culminate in a tangible employment action.

14. Plaintiff has failed to establish any basis for asserting compensatory and punitive damages under the PHRA.

15. Plaintiff has failed to establish a prima facie case for a claim of discrimination and/or harassment under the PHRA.

16. Plaintiff was an employee at-will.

17. At all times Defendant acted reasonably and in good faith.

18. Plaintiff's claims are barred by the doctrine of consent.

19. Eagle reserves the right to plead any additional Affirmative Defenses as they become known or available during the pendency of this action.

**WHEREFORE**, Defendant Eagle National Bank respectfully requests judgment in its favor against the Plaintiff, or in the alternative that Plaintiff's Complaint be dismissed with prejudice, that Eagle be awarded its costs and reasonable attorney's fees and that Eagle be granted any other and further relief that the Court deems appropriate.

Respectfully submitted,

_____
COLLEEN MARSINI, ESQUIRE
Attorney I.D. No. 48293
101 N. Providence Road
Wallingford, PA  19086
(610) 892-9111

Attorney for Defendant

Date: _____

## **V E R I F I C A T I O N**

I, MURRAY S. GORSON, hereby verify that the statements made in the foregoing are true and correct to the best of my knowledge and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S., Section 4904, relating to unsworn falsifications to authorities.

                                                                                               _____
MURRAY S. GORSON
President, Eagle National Bank

Date: _____

## CERTIFICATE OF SERVICE

I, COLLEEN MARSINI, ESQUIRE, do hereby certify that a true and correct copy of Defendant's Answer and Affirmative Defenses to Complaint by Plaintiff Kia Williams has been served upon the following by U.S. Postal Service, first class mail, postage pre-paid:

Iris Santiago-Flores, Esquire
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA   19106-2515

 

COLLEEN MARSINI, ESQUIRE
Attorney I.D. No. 48293
101 N. Providence Road
Wallingford, PA  19086
(610) 892-9111

Attorney for Defendant

Date: _____